**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 19 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 08-35508 |
| | ) | |
| GOE Lima, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 09-3020 |
| | ) | |
| Smith-Boughan, Inc., | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| SunTrust Bank, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
DENYING MOTION TO DETERMINE ARBITRABILITY**

     This adversary proceeding is before the court on a motion filed by Smith-Boughan, Inc., wherein it requests a determination by the court that intervenor PEA (LIT), LLC ("PEA") may not pursue a claim against it in arbitration ("Motion") [Doc. # 105], the Limited Response of Defendant SunTrust Bank, as agent and member of the senior secured creditors, ("SunTrust") [Doc. # 110], and the pre-hearing statement filed by intervenor PEA. The court held a hearing on the Motion at which attorneys for PEA, for Smith-Boughan, Inc. ("Smith-Boughan") and for SunTrust Bank all attended in person. An attorney for the Liquidating Trustee under Defendant/Debtor GOE Lima, LLC's confirmed Chapter 11 plan attended by

telephone. After the hearing, Smith-Boughan was granted leave to, and did, file a reply to PEA's pre-hearing statement, [Doc. # 120], and PEA filed on January 10, 2012, a notice of supplemental authority resulting from the arbitration proceeding, [Doc. #124]. Having considered the parties' briefs and the arguments of counsel, for the reasons that follow, Smith-Boughan's motion will be denied.

## BACKGROUND

Smith-Boughan commenced this adversary proceeding on January 30, 2009, naming as defendants SunTrust Bank and GOE Lima, LLC, the debtor in the underlying Chapter 11 case. In its complaint, it alleges eleven counts, only one of which is relevant to Smith-Boughan's Motion, that being a breach of contract claim against GOE Lima, LLC ("Debtor").[1] [*See* Doc. # 1, Complaint, Count I]. Smith-Boughan alleges that contract damages of over $4.5 million are owed to it by Debtor. The underlying basis of Smith-Boughan's claim is a contract that it entered into with Debtor for Smith-Boughan to provide certain mechanical services in connection with the construction of an ethanol facility on Debtor's property in Lima, Ohio ("Construction Contract"). [*Id.*, attached Ex. A]. The Construction Contract incorporates by reference an agreement captioned "General Conditions of the Contract for Construction ("General Conditions"). [*Id.*, attached Ex. B].

The General Conditions include certain provisions relating to mediation and arbitration of claims arising out of the Contract. Those provisions provide in relevant part as follows:

> § 4.6.2 INITIAL DISPUTE RESOLUTION. If a dispute arises out of or relates to this Agreement or its breach, the parties shall endeavor to settle the dispute first through direct discussions. If the dispute cannot be settled through direct discussions the parties may endeavor to settle the dispute by mediation under the Construction Industry Mediation Rules of the American Arbitration Association before recourse to the arbitration procedures contained in this Agreement. . . .
> . . . .
> § 4.6.3.1 If a claim is not resolved through mediation, the sole remedy of any party to the mediation process shall be to make a written demand for binding arbitration . . . . Such arbitration shall be conducted by a panel of three arbitrators (with the Owner and the Contractor each selecting an arbitrator and the two selected arbitrators selecting the third), in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect unless the parties agree otherwise . . . .

[*Id.* at § 4.6]. Under the Construction Industry Arbitration Rules, "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." [Doc. # 113, Ex. 1, p. 14, R-9].

---

[1] The remaining ten counts are claims against SunTrust Bank relating to allegations that the Bank improperly used "retainage" funds from a certain account at the Bank established by Debtor, funds to which Smith-Boughan alleges it is entitled.

2

On March 26, 2009, Debtor answered the complaint and asserted a counterclaim for damages in excess of $15 million that it allegedly sustained as a result of Smith-Boughan's breach of the Construction Contract. On that same date, Debtor filed a motion to stay this proceeding pending arbitration of the breach of contract claims. Relying on §§ 4.62 and 4.63 of the Construction Contract set forth above, Debtor argued that there can be no dispute that Debtor and Smith-Boughan agreed to arbitrate the disputes between them in this adversary proceeding. Smith-Boughan opposed the motion, arguing only that because a proceeding to determine the claims at issue is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (C), the court could not refer the matter to arbitration. The court disagreed, and on September 1, 2009, it entered an order granting Debtor's motion and staying this proceeding as to Smith-Boughan's breach of contract claim. [Doc. # 38]. The parties then stipulated on October 13, 2009, and the court entered an agreed order on November 6, 2009, that both Smith-Boughan's claim against Debtor and Debtor's counterclaim against Smith-Boughan should be stayed pending arbitration to be conducted between Debtor and Smith-Boughan or until further order of the court. [Doc. ## 53 & 54].

On May 5, 2010, the court entered an order in Debtor's underlying Chapter 11 case approving, as modified in that order, a Settlement Agreement between, among others, PEA and Debtor. [Case No. 08-35508, Doc. # 653]. The Settlement Agreement, as modified, was attached to, and incorporated by reference into, Debtor's First Amended Joint Plan of Liquidation ("Plan"), which was confirmed on July 8, 2010. The Plan and Settlement Agreement provide that Debtor and the Liquidating Trust, created pursuant to the Plan, are deemed to have assigned to PEA on the Settlement Agreement effective date all of their rights, title and interest in the Construction Claims, which include Debtor's counterclaim in this proceeding. [*See id.*, Doc. 612, Plan ¶ 7.8(a) and (b), and attached Ex. 2, Settlement Agreement, p. 5, ¶¶ 4 & 5]. The Settlement Agreement effective date was September 16, 2010, which was also the effective date of the Plan. [*See id.*, Ex. 2, p. 4, ¶ 3; Doc. # 739].

Notwithstanding the court's September and October 2009 orders staying this proceeding pending arbitration, Debtor took no action to commence arbitration proceedings. It was not until October 22, 2010, that an arbitration proceeding was commenced, but by PEA, not Debtor. Although the parties to the Settlement Agreement, including PEA, acknowledged in the Agreement that the court has stayed this proceeding pending arbitration of Smith-Boughan's claims against Debtor as well as Debtor's counterclaims that were subsequently assigned to PEA, [*Id*. at 2, ¶ D], PEA has taken the position that Smith-Boughan's claim against Debtor cannot be heard in the arbitration proceeding that it has commenced.

Thus, on September 9, 2011, Smith-Boughan filed a motion seeking relief from the court's order

3

staying this proceeding for the limited purpose of filing a motion requesting this court to determine whether the Construction Contract between Debtor and Smith-Boughan was properly transferred to PEA and, thus, whether an arbitration agreement exists under which PEA may pursue arbitration against it. Debtor did not respond and, after a hearing at which there was no appearance by or on behalf of Debtor, the court granted the motion, subject to a threshold determination that, under the terms of the Construction Contract, the arbitrator(s) in the arbitration proceeding commenced by PEA does not have the power to decide these issues. On October 7, 2011, Smith-Boughan filed the instant Motion, and on October 12, 2011, PEA filed a Motion to Intervene as an Interested Party, which the court granted. Debtor has not responded to Smith-Boughan's Motion and did not appear at the November 2, 2011, hearing on the motion.

## LAW AND ANALYSIS

In its Motion, Smith-Boughan seeks a determination that PEA may not pursue Debtor's counterclaim against Smith-Boughan in arbitration. It argues that the court must determine whether Smith-Boughan is required to arbitrate the claims at issue. To that end, it argues that (1) the assignment of the Construction Claims to PEA violates a provision of the Construction Contract dealing with assignment rights; (2) the Construction Contract was not assumable or assignable since it was not an executory contract; and (3) the dispute resolution provisions of the Construction Contract do not mandate arbitration.

The court first addresses Smith-Boughan's third argument that the terms of the Construction Contract do not mandate arbitration. According to Smith-Boughan, arbitration is only required if the parties were parties to a mediation process, which process is permitted under the Contract but is not required. It argues that there was no mediation and, therefore, no mandate for arbitration. This argument was not raised, nor was there any evidence of such offered, in response to Debtor's motion to stay this proceeding pending arbitration that was filed over two years ago. In support if its motion to stay, Debtor relied on the very terms of the Construction Contract that Smith-Boughan now argues do not mandate arbitration. Implicit in this court's order entered over Smith-Boughan's objection on September 1, 2009, staying this proceeding is a determination that the dispute resolution provisions of the Construction Contract mandate arbitration of the claims at issue.

The law of the case doctrine provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case. *E.E.O.C. v. United Ass'n of Journeymen and Apprentices of the Pluming & Pipefitting Inds., Local No. 120*, 235 F.3d 244, 249 (6th Cir. 2000). Thus, "[i]ssues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *Id.* The doctrine seeks to prevent the

4

continued litigation of settled issues, thus promoting stability in the decisionmaking process and judicial economy. *See United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990); *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). When a court is asked to revisit an issue previously decided by the same court, the doctrine is a discretionary tool, not a limitation on the court's power. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Thus, "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Id.* (citation omitted); *see Gagg v. Somerset Tech. College*, 373 F.3d 763, 767 (6th Cir. 2004) (stating that the power "to reach a result inconsistent with a prior decision reached in the same case 'is to be exercised very sparingly, and only under extraordinary conditions.'").

In this case, there are no extraordinary circumstances such that this court should revisit its previous orders staying this proceeding pending arbitration and implicitly finding that arbitration is mandated by the dispute resolution provisions of the Construction Contract. The court's previous orders were not clearly erroneous even if the Contract should be construed as Smith-Boughan argues. As stated above, Smith-Boughan offered no argument or evidence regarding mediation at the time of the court's previous order such that it would have at least arguably been clear at that time that arbitration was not required.

Moreover, the court finds no manifest injustice resulting from its earlier order. Smith-Boughan did not file its motion for relief from the court's order staying this proceeding until nearly a year after the arbitration proceeding was commenced by PEA. Smith-Boughan's stated motivation for filing the motion is PEA's position in the arbitration proceeding that Smith-Boughan's claim that Debtor breached the Construction Contract cannot be heard in defense of PEA's breach of contract claim.[2] As demonstrated by PEA's supplemental authority filed on January 10, 2012, however, an arbitrator has determined otherwise, with PEA's pursuit of the claims "subject to counterclaims, set-offs, and defenses of Smith-Boughan, Inc." [Doc. #124, at p.2/4]. The court, therefore, adheres to its earlier order implicitly finding that the terms of the Construction Contract mandate arbitration of the contractual disputes that are the basis of Smith-Boughan's claim against Debtor and Debtor's counterclaim against Smith-Boughan.

Smith-Boughan's first two arguments attack the validity of the assignment by Debtor and the Liquidating Trust of all rights, title and interest in the Construction Claims, which are, in turn, subject to the dispute resolution provisions of the Construction Contract. Both PEA and SunTrust contend that those

---

[2] At the hearing on the Motion, Smith-Boughan made clear that it is not seeking a monetary judgment against PEA in arbitration or otherwise.

5

arguments are barred as a collateral attack on the court's order confirming Debtor's Chapter 11 Plan, which incorporates the Settlement Agreement and provides for the assignment. Smith-Boughan counters, without further explanation, that neither the order approving the Settlement Agreement nor the Confirmation Order can "trump" the terms of the Construction Contract that it contends limits assignability to entities that do not include either PEA or the Liquidating Trust. The court disagrees.

Under the doctrine of res judicata, a party is precluded from bringing a claim if each of the following elements are present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies[';] (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action.

*Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 577-78 (6th Cir. 2008) (quoting *Browning v. Levy*, 283 F.3d 761, 771 (6th Cir. 2002)).

In this proceeding, all four elements are met. The order confirming Debtor's Chapter 11 plan constitutes a final decision on the merits by this court. *See Browning*, 283 F.3d at 772 ("As a general rule, the '[c]onfirmation of a plan of reorganization constitutes a final judgment in bankruptcy proceedings.'" (internal citation omitted)). The second element is met in that this proceeding is between Smith-Boughan, which was an active participant in the Plan confirmation process, and PEA, as a party-in-interest and assignee of Debtor's Construction Claims that were assigned pursuant to Debtor's Plan and the Settlement Agreement incorporated therein. The third element is met since Smith-Boughan could have and should have raised the issue of the validity of the assignment of the Construction Claims by objecting to the court's approval of the Settlement Agreement and to confirmation of the Plan.

Finally, the court finds that the fourth element is also met. It requires that there be an "'identity of claims,' which is satisfied if 'the claims arose out of the same transaction or series of transactions,' or if 'the claims arose out of the same core of operative facts.'" *Winget*, 537 F.3d at 580 (quoting *Browning*, 283 F.3d at 773-74). The Sixth Circuit declined to adopt a test used by other circuits narrowly defining "identity" when res judicata is asserted in conjunction with bankruptcy proceedings. *Id.* Under the Sixth Circuit's broad look, it is clear that Smith-Boughan's argument that the Construction Claims were not properly assigned arises out of the Settlement Agreement between PEA and Debtor, which was incorporated into Debtor's Plan, and the Plan provision assigning the Construction Claims to PEA.

For all of the reasons set forth above, the court finds that the elements of res judicata are satisfied

and that Smith-Boughan's collateral attack on the Plan confirmation order is, therefore, barred. *See Browning*, 283 F.3d at 772 (stating that confirmation of a Chapter 11 plan by a bankruptcy court "has the effect of a judgment by the district court and res judicata principles bar relitigation of any issues raised or that could have been raised in the confirmation proceedings.").

Moreover, the law of the case doctrine also applies to the court's order confirming Debtor's Chapter 11 Plan. Implicit in that order is a determination that the assignment of Debtor's counterclaim to PEA is a valid assignment. As discussed above, no argument or evidence was offered during the Plan confirmation process suggesting otherwise. The court finds that its confirmation order was not clearly erroneous and, further, that no manifest injustice has resulted from that order.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Smith-Boughan, Inc.'s Motion to Determine Arbitrability [Doc. # 105] be, and hereby is, **DENIED;** and

**IT IS FURTHER ORDERED** that this adversary proceeding is stayed pending the conclusion of arbitration proceedings relating to the Construction Claims at issue in the proceeding.